IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON DIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3425-K |
| | § | |
| TANGO MANAGEMENT | § | |
| CONSULTING, INC. f/k/a TANGO | § | |
| MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tango Management Consulting, Inc. f/k/a Tango Management, LLC's Motion to Dismiss Plaintiff's Action Pursuant to FRCP 12(b)(6) (the "Motion") (Doc. No. 16). The Court has carefully considered the Motion, the response, the reply, the applicable law, and relevant portions of the record.

## I.    Factual Background

Plaintiff Leon Diggs ("Plaintiff"), an African-American male, began working for Defendant Tango Management Consulting, Inc. f/k/a Tango Management, LLC ("Defendant") in April 2018. Am. Compl. (Doc. No. 12) at 2, ¶3; 3, ¶10; 4, ¶12. Plaintiff remains employed by Defendant to-date. *Id.* at 3, ¶10; 4, ¶12. Beginning March 2020, Plaintiff alleges he was "subjected to Defendant's pattern or practice of

ORDER – PAGE 1

discrimination and company-wide discrimination policies" because of Plaintiff's race. *Id.* at 3; ¶8; 4, ¶12.  This discriminatory treatment includes the denial of "resources and teaming and business opportunities," "lost income", beratement and humiliation in front of co-workers, allowing employees "to segregate," unfair and unwarranted discipline, and unequal access to personal leave.  *Id.* at 4, ¶12; 6, ¶17; 7, ¶22; 7-8, ¶23; 8-9, ¶26; 9, ¶27.

On March 27, 2020, Plaintiff notified Defendant that he would be "taking the late afternoon off after all administrative duties were complete." *Id.* at 4, ¶13.  Plaintiff told "his project team" that he had learned earlier in the week that "members of his family" had contracted the COVID-19 virus and were in critical condition. *Id.*  Plaintiff left work that afternoon and then found his computer access was restricted.  *Id.* at ¶14. At some time after 3:00 p.m., Plaintiff contacted the IT Department and an unnamed colleague who both confirmed Plaintiff's access had been restricted.  *Id.*  Plaintiff then alleges that "one of his colleagues . . . informed [Plaintiff] that he had been terminated." *Id.*  The colleague told Plaintiff that manager Karthic Gunasekaran had fired Plaintiff. *Id.* at 5, ¶16.  Plaintiff alleges that his "termination was the direct result of Defendant's management team assuming he had contracted the [COVID-19] virus."  *Id.*  Plaintiff alleges that Karthic Gunasekaran knew of his "family's diagnosis of COVID-19" and had asked Plaintiff whether he too had contracted it.  *Id.*

ORDER – PAGE 2

On March 30, 2020, Plaintiff "sent a communication" to two managers, including Karthic Gunasekaran, and copied a third manager as well as Defendant's "Director of HR, COO, and CEO". *Id.* Plaintiff told them that his computer access was restricted and also that his manager failed to "reach out" to Plaintiff after learning about his "family's COVID-19 diagnosis". *Id.* Plaintiff alleges that he "demanded a reason for his termination/restricted access." *Id.* at 6, ¶18. Defendant's "COO" Brad Viagini responded to Plaintiff "stating that his access should not have been restricted" and he should have received a temporary password from IT, but it did not send properly. *Id.*

Plaintiff filed a charge of employment discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 17, 2020. *Id.* at 2, ¶5. Plaintiff alleges he received by letter a "Notice of Right to Sue" on August 20, 2020. *Id.* Plaintiff also alleges that the EEOC "attempted" to email Plaintiff the Notice of Right to Sue on July 10, 2020, "however said document was not properly sent." *Id.* at 2-3, ¶6. Plaintiff also alleges that the EEOC attempted to email the Notice of Right to Sue to his attorney, but it was sent to the wrong email address. *Id.*

Plaintiff filed this action against Defendant on November 16, 2020. Although difficult to discern from his Amended Complaint, Plaintiff appears to asserts claims against Defendant for violations of the Family Medical Leave Act, the Fair Labor

ORDER – PAGE 3

Standards Act, the Equal Pay Act, and Title VII for discrimination, retaliation, and hostile work environment related to Plaintiff's race and gender.  Defendant filed the instant Motion which is ripe for determination.

## II.    Legal Standard

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible."  *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable."  *Id.*  The complaint must allege sufficient facts to "give the defendant fair notice" of the plaintiff's claims against the defendant.  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible."  *Id*. at 570.

The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)

(per curiam).  The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

The Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The Fifth Circuit also allows the district court to consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

## III.   Application of the Law

Defendant moves the Court to dismiss all of Plaintiff's claims.  Defendant argues that Plaintiff failed (1) to exhaust his administrative remedies on his Title VII gender discrimination claim, (2) fails to state a claim under Title VII for gender discrimination, the Equal Pay Act, the Fair Labor Standards Act ("FLSA"), and the Family Medical Leave Act ("FMLA"), and (3) failed to timely file his Title VII claims based on both gender and race within the 90-day deadline and submits documentation in support.  Plaintiff responds that he sufficiently alleges a claim under the FMLA for both retaliation and interference and also a claim under the FLSA, and that Defendant is

ORDER – PAGE 5

attempting "to hold Plaintiff to an evidentiary standard rather than a notice pleading standard". Resp. at 3. Plaintiff also contends that he timely filed his Title VII discrimination claims within 90 days after receiving his Notice of Right to Sue. Finally, Plaintiff explicitly waives his Title VII claim based on gender discrimination and also his claim under the Equal Pay Act. In its Reply, Defendant maintains that Plaintiff fails to plead a claim under the FMLA because he was never denied FMLA leave and never suffered an adverse employment action. Defendant also argues that Plaintiff's FLSA claim must be dismissed because he is exempt from receiving overtime under the FLSA. Finally, Defendant contends that Plaintiff received Notice of Right to Sue in the July 10, 2020 email, pointing again to the exhibits submitted with its Motion, which triggered the 90-day deadline to file suit.

### A.    Claim for Violating the Family Medical Leave Act

Under the Family Medical Leave Act ("FMLA"), an employee is allowed to take reasonable leave from his job for specific reasons, including the care of certain family members who have a serious health condition. 28 U.S.C. § 2601(b)(2). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" a substantive FMLA right or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter." *Id.* § 2615(a)(1) & (2). To establish a prima facie case for retaliation

under the FMLA, the plaintiff must show that (1) he was protected under the FMLA, (2) he suffered a materially adverse action, and (3) there is a causal link between protected activity under the FMLA and the adverse action. *Wheat v. Florida Parish Juv. Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (elements of prima facie case of retaliation under both Title VII and the FMLA). "To establish a prima facie case of interference under FMLA, a plaintiff must show: (1) he was an eligible employee; (2) his employer was subject to the FMLA's requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave, and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (citing *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013)).

At the outset of its analysis, the Court addresses Plaintiff's responsive argument that he is not required to plead a "prima facie case" of interference or retaliation under the FMLA. Resp. at 3. Plaintiff is correct that "for purposes of surviving a Rule 12(b)(6) motion, an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Puente v. Ridge*, 324 F. App'x 423, 427 (5th Cir. 2009). However, a plaintiff is required to "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016); *accord Besser v. Tex. Gen. Land Office*, 834 F. App'x 876,

ORDER – PAGE 7

882 (5th Cir. 2020) (quoting *Puente*, 324 F. App'x at 427-28) ("[N]o plaintiff is exempt from his obligation to 'allege facts sufficient to state all the elements of his claim.'"). Therefore, "the prima facie standard nonetheless has some relevance at the motion-to-dismiss stage." *Besser*, 834 F. App'x at 881.  In the context of this Rule 12(b)(6) analysis, the Court does not decide whether Plaintiff proved each element of a prima facie case of his FMLA claim; rather, the court references those elements only in determining whether Plaintiff has pled sufficient facts to state all the elements of his claim.  *Id.* ("[T]he district court did not hold that Besser had not *proved* each element of a prima facie case of discrimination, rather it used the language of a prima facie case as a framing device to determine whether Besser had sufficiently alleged facts to support the ultimate elements of each claim. The district court's references to a prima facie case were appropriate.").

### 1.    FMLA Retaliation Claim

Defendant argues that Plaintiff fails to state a claim for retaliation under the FMLA because he fails to allege any adverse action was taken against him.  Outside of restating certain factual allegations from his Amended Complaint, Plaintiff's response makes only a cursory reference to his retaliation claim, stating that "he was terminated the same day that he requested time off to care for his sick family members who were

in critical condition due to COVID-19 pandemic, which qualifies as an interference claim and retaliation claim under the FMLA."  Resp. at 2.

An element of a prima facie case of retaliation is that the employer took a materially adverse action against the plaintiff.  *Wheat*, 811 F.3d at 705.  Rejecting the more limiting standard of "ultimate employment decisions", the Supreme Court defined "materially adverse actions" as those actions that would dissuade a reasonable employee from exercising his rights to file a discrimination claim.  *Burlington Northern & Santa Fe Ry. Co. & White*, 548 U.S. 53, 67-68 (2006); *see Lushute v. La. Dep't of Soc. Servs.*, 479 F. App'x 553, 555 (5th Cir. 2012) ("In other words, an employee suffers an 'adverse employment action' if 'a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.").

Plaintiff's responsive argument refers only to his alleged termination as the adverse employment action.  Resp. at 2.  However, in his Amended Complaint, Plaintiff alleges that he "suffered an adverse employment decision (being locked out of the [computer] system and terminated)".  Am. Compl. at 5, ¶14.  Because the Court looks to the allegations in the Complaint, the Court will consider both the alleged termination and restricted computer access in determining whether Plaintiff has plausibly pled this retaliation claim.

ORDER – PAGE 9

a.        Restricted Computer Access

Plaintiff alleges "that his computer access had been restricted" on the same day, March 27, 2020, that he "informed Defendant that he would be blocking his calendar for the afternoon and taking the late afternoon off". Am. Compl. at 4, ¶¶13-14.  After discovering this, Plaintiff alleges he contacted the "IT Manager and a colleague after 3 p.m. to see if his access truly had been compromised or restricted, and in fact it had been restricted." *Id.* at ¶14.  On March 30, 2020, Plaintiff alleges that he "sent a communication" to several managers and executives in which he "demanded a reason for his termination/restricted access." *Id.* at 6, ¶18.  Plaintiff then alleges that Brad Viagini, "Defendant's COO", responded and informed Plaintiff that "his access should not have been restricted and that the IT Rep . . .  should have sent a temporary password, but it did not send properly." *Id.*

The Fifth Circuit has not specifically addressed whether restricted computer access constitutes a materially adverse employment action.  However, one district court in this Circuit has concluded that "[t]he denial of access to a work computer system may rise to the level of an adverse action when 'it is at least arguable' that the denial of access 'materially affected the plaintiff's employment by making it more difficult for him to complete his work.'" *Lipovsky v. Vilsack*, Civ. Action No. 4:14-CV-0047-DMB-JMV, 2016 WL 4919894, at *18 (N.D. Miss. Sept. 14, 2016).  Plaintiff does not allege

ORDER – PAGE 10

that his restricted computer access affected his employment in any way, let alone materially. Plaintiff alleges simply that his computer access was restricted from March 27 through March 30. The Court takes judicial notice that March 27, 2020 was a Friday and March 30, 2020 was a Monday. Plaintiff merely alleges that his computer access was restricted over a weekend. As such, these allegations are insufficient for the Court to reasonably infer that Defendant took a materially adverse action against Plaintiff based on restricted computer access. *Id.* ("The denial of access to a work computer system may rise to the level of an adverse action when 'it is at least arguable' that the denial of access 'materially affected the plaintiff's employment by making it more difficult for him to complete his work.'"). Because a materially adverse action is an essential element of a retaliation claim, Plaintiff did not plausibly plead an FMLA claim for retaliation on the basis that his computer access was restricted. *See Besser*, 834 F. App'x at 882 (district court may consider elements "of a prima facie case as a framing device" in determining whether plaintiff sufficiently pled facts to support his claim); *id.* ("[N]o plaintiff is exempt from his obligation to 'allege facts sufficient to state all the elements of his claim.'").

### b.    Termination

Plaintiff alleges that he suffered an adverse employment decision in that he was terminated "because he sought FMLA and/or leave to take case of his sick family

ORDER – PAGE 11

members." Am. Compl. at 4-5, ¶14.  The factual allegations addressing his termination are that "one of his colleagues . . . informed [Plaintiff] that he had been terminated" and that he "was told by his coworker's [sic] that he had been fired".  *Id.* at 4-5, ¶14; 5, ¶16.  These are truly conclusory allegations and unwarranted factual inferences that Plaintiff's employment was terminated, based on nothing more than the statement of an unnamed colleague who Plaintiff does not allege had any such decision-making authority.  In fact, Plaintiff alleges that he "is employed by Defendant" and "has been employed Defendant [sic] for two (2) years, from April 10, 2018 until present."  *Id.* at 3, ¶10; 4, ¶12.  These allegations actually support the reasonable inference that Plaintiff has continued to be employed by Defendant and that there has been no break in his employment.  Based on the allegations in the Amended Complaint, the Court cannot reasonably infer that Plaintiff suffered an adverse employment action in that he was terminated.  *Iqbal*, 556 U.S. at 678 (factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable."); *see Twombly*, 550 U.S. at 570 (alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible.").  Because an adverse employment action is an essential element of an FMLA retaliation claim, Plaintiff did not plausibly plead an FMLA claim for retaliation on the basis that he was terminated.  *See Besser*, 834 F. App'x at 882 (district court may consider elements "of a prima facie case as a

framing device" in determining whether plaintiff sufficiently pled facts to support his claim); *id.* ("[N]o plaintiff is exempt from his obligation to 'allege facts sufficient to state all the elements of his claim.'").

For these reasons, Plaintiff has failed to sufficiently state an FMLA retaliation claim.  The Court **grants** the Motion as to this claim and it is **dismissed without prejudice**.

### 2.      FMLA Interference Claim

Defendant argues that Plaintiff's claim for interference under FMLA must also be dismissed because he does not allege that he was denied leave, which is an essential element.  Plaintiff responds that he sufficiently pled this point because he alleges "that he was terminated the same day that he requested time off to care for his sick family members who were in critical condition due to COVID-19, which qualifies as an interference claim and retaliation claim under the FMLA."  Resp. at 2.  Plaintiff also contends that he is not required to provide "detailed factual allegations" at this stage. *Id.*

As essential element of an FMLA interference claim is that the plaintiff's employer denied him the benefits that he is entitled to under the FMLA. *Caldwell*, 850 F.3d at 245.  In his Amended Complaint, Plaintiff alleges that he notified his "project team" several family members had contracted the COVID-19 virus and were in critical

ORDER – PAGE 13

condition.  Am. Compl. at 4, ¶13.  Then, Plaintiff alleges he "informed Defendant that he would be blocking his calendar for the afternoon and taking the late afternoon off after all administrative duties were complete." *Id.*  Plaintiff makes no allegations regarding Defendant's response to his request of "taking the late afternoon off".  In fact, Plaintiff's allegations indicate he did leave work that afternoon as it was then he discovered his computer access had been restricted.  *See id.* at ¶14.

Plaintiff clarifies in his Response, however, that he sufficiently states this element because he alleges "that he was terminated the same day that he requested time off to care for his sick family members who were in critical condition due to COVID-19, which qualifies as an interference claim and retaliation claim under the FMLA."  Resp. at 2.

Plaintiff is correct that he is not required to provide detailed factual allegations. However, a plaintiff is required to "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."  *Chhim*, 836 F.3d at 470. The factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable."  *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570 (facts alleged must be facially plausible such that they nudge the plaintiff's claims "across the line from conceivable to plausible.").  In his Response, Plaintiff contends that alleging he was terminated the same day he requested time off sufficiently pleads this element.

ORDER – PAGE 14

However, the Court has already concluded that the allegations regarding termination are not facially plausible. *See Twombly*, 550 U.S. at 570 (alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible."). Plaintiff's sole reliance on those allegations as satisfying this essential element of the claim fails him. Denial of benefits is an essential element of an FMLA interference claim which Plaintiff did not allege. Therefore, Plaintiff did not plausibly plead an FMLA claim for interference. *See Besser*, 834 F. App'x at 882 (district court may consider elements "of a prima facie case as a framing device" in determining whether plaintiff sufficiently pled facts to support his claim); *id.* ("[N]o plaintiff is exempt from his obligation to 'allege facts sufficient to state all the elements of his claim.'"). The Court **grants** the Motion as to this claim and it is hereby **dismissed without prejudice**.

    **B.**    **Remaining Claims**

In his Response, Plaintiff voluntarily waives his claims for gender discrimination under Title VII and for violation of the Equal Pay Act. Resp. (Doc. No. 24) at 5. Accordingly, the Court **dismisses** those claims. As for Plaintiff's FLSA claim, the Court has taken the well-pleaded facts as true and viewed those in the light most favorable to Plaintiff. The Court concludes that Plaintiff has pleaded his FLSA claim with facial plausibility as the "factual content . . . allows the court to draw the reasonable inference

that the defendant is liable." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570 (2007); *see also White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 310 (5th Cir. 2021) ("[W]hether an employee is exempt under the FLSA is primarily a question of fact typically better suited for summary judgment."). Because Plaintiff has sufficiently stated his FLSA claim, the Court **denies** Defendant's Motion to Dismiss this claim. *See* FED. R. CIV. P. 12(b)(6). The Court's ruling on this claim is not an indication of whether it may survive an attack on summary judgment.

The Court also **denies** the Motion to Dismiss Plaintiff's Title VII claims on the basis that Plaintiff did not timely file them within 90 days of receipt of the EEOC's Notice of Right to Sue. The timeliness of Plaintiff's Title VII claims based on the 90-day limitations period is treated as an affirmative defense. *See Sivertson v. Clinton*, Civ. Action No. 3:11-CV-0836-D, 2011 WL 4100958, at *2 (Sept. 14, 2011)(Fitzwater, CJ) (collecting cases). "Although dismissal under rule 12(b)(6) may be appropriate on a successful affirmative defense, that defense must appear on the face of the complaint." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006); *accord Sivertson*, 2011 WL 4100958, at *2. "In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint." *Sivertson*, 2011 WL 4100958, at *2.

ORDER – PAGE 16

The Court does not find that this affirmative defense appears clearly on the face of Plaintiff's Amended Complaint.  *See id.* at *3 (defendant was not entitled to dismissal under Rule 12(b)(6) on basis of 90-day period of limitations where the plaintiff did not "plead[] herself out of court by admitting to all of the elements of the defense."). Plaintiff does allege that the EEOC "attempted" to email Plaintiff and his attorney the Notice of Right to Sue on July 10, 2020; however, Plaintiff then alleges that the "document was not properly sent [to Plaintiff]" and it was sent to the wrong email address for his attorney.  Am. Compl. at 2-3, ¶6.  But Plaintiff also alleges that he did receive the EEOC's "Notice of Right to Sue" by mail on August 20, 2020.  *Id.* at 2, ¶5. Based on the allegation of August 20, 2020 as the receipt date, Plaintiff's Title VII claims filed on November 16, 2020 fell within the 90-day limitations period.

The case law is well-established that dismissal under Rule 12(b)(6) may be appropriate where an affirmative defense appears clearly on the face of Plaintiff's Amended Complaint.  *See Love Terminal Partners, L.P. v. City of Dallas*, 527 F.Supp.2d 538, 549-50 (N.D. Tex. 2007)(Fitzwater, J.) (collecting cases).  Based on the allegations, the Court cannot conclude that this affirmative defense of the 90-day limitations period clearly appears on the face of Plaintiff's Amended Complaint.  The Court notes that this ruling is based only on consideration of the sufficiency of

Plaintiff's pleadings at the motion to dismiss stage.  Defendant may re-urge the limitations issue, if appropriate, by way of a motion for summary judgment.

### C.    Leave to Amend

When a party cannot amend a pleading as a matter of course, the party may amend only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  A formal motion under Rule 15(a) need not always be filed, but the party must "give the court some notice of the nature of his or her proposed amendments" and support the request for leave to amend with "*some* specificity" which is required.  *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016); *accord U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought.").  Rule 15 provides that leave should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2).  While leave to amend under Rule 15 should be freely given, it is "by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Moreover, the decision whether to grant or deny leave to amend a pleading is a matter within the district court's discretion. *See Thomas*, 832 F.3d at 590–91.

Plaintiff includes a single-sentence, general curative request for leave to amend his complaint—"If the court finds reason to dismiss any of Plaintiff's claims, he should

be allowed to amend his complaint." Resp. at 5.  A plaintiff who simply "tack[s] on a general curative amendment request" in response to a motion to dismiss does not provide a sufficient basis for why the court should grant leave. *Goldstein*, 340 F.3d at 254. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)— does not constitute a motion within the contemplation of Rule 15(a)." *Willard*, 336 F.3d at 387 (internal quotation omitted).  Plaintiff provides no such indication.  For these reasons, the Court **denies** Plaintiff's general curative request to amend his complaint.

If Plaintiff wishes to amend, he must file a motion for leave to amend his Amended Complaint that complies with the applicable Federal Rules of Civil Procedure and the Local Civil Rules, which includes the requirement to <u>attach a copy of the proposed amended pleading</u> as well as the requirement to confer with opposing counsel. Should Plaintiff choose to file a motion for leave to amend he must do so **<u>within 30 days from the date of this Memorandum Opinion and Order</u>**.

## IV.   Conclusion

The Court **grants** Defendant's Motion to Dismiss as to Plaintiff's Title VII claim based on gender discrimination and his claim under the Equal Pay Act since Plaintiff voluntarily waives these claims.  The Court **grants** the Motion to Dismiss as to

ORDER – PAGE 19

Plaintiff's claim under the FMLA because the Court cannot reasonably infer that Defendant is liable.  This claim is **dismissed without prejudice**.  The Court **denies** the Motion to Dismiss Plaintiff's Title VII claim for race discrimination based on the 90-day limitations period and also Plaintiff's FLSA claim because the Court finds it was sufficiently pled.

        **SO ORDERED.**

        Signed August 26th, 2021.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 20