UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON DIGGS, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § | 3:20-CV-03425-K |
| TANGO MANAGEMENT CONSULTING, INC. F/K/A TANGO MANAGEMENT, LLC, | § § § § | |
| DEFENDANT. | § § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Tango Management Consulting, Inc. f/k/a Tango Management, LLC. ("Tango" or "Defendant") files this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Complaint").

### Answer

1. Defendant admits that this Court has jurisdiction to hear the remaining allegations in this Complaint following the Court's Order of August 26, 2021, Docket 26.

2. Defendant admits that venue is proper in this Court.

3. Defendant admits the allegations in the first two sentences of Paragraph 3. Defendant denies the remaining allegations.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in the first sentence of Paragraph 12 of the Complaint. Defendant denies the remaining allegations.

13. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge to admit or deny the allegations in the first two sentences of Paragraph 16. Defendant denies the remainder of the allegations.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff has requested a jury trial.

## **Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred by his failure to exhaust administrative remedies.

4. Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

5. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

6. Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

7. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i/e., "hours worked" under the FLSA.

8. At all times during his employment with Defendant, Plaintiff was exempt from overtime as a highly compensated employee and/or as an executive, administrative, or learned professional employee.

9. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by the applicable provisions of Title VII, the FLSA, the Texas Constitution and the United States Constitution.

10. Plaintiff is not entitled to punitive or liquidated damages because Defendant did not act or fail to act in a manner sufficient to give rise to punitive or liquidated damages liability.

11. To the extent Plaintiff seeks damages not recoverable under the FLSA or Title VII, Plaintiff is barred from such recovery.

12. Defendant complied with all recordkeeping requirements of the FLSA.

13. The alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

14. Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or laches.

15. Plaintiff failed to establish a prima facie case of discrimination under Title VII.

16. Plaintiff failed to establish an adverse employment decision.

17. Plaintiff failed to establish that he has been treated differently from members not of his protected class.

18. Plaintiff failed to establish a prima facie case of hostile work environment under Title VII.

19. All personnel actions taken by defendant and complained of by Plaintiff were for legitimate, non discriminatory reasons.

20. Plaintiff cannot establish that defendant's legitimate non-discriminatory reasons for each of the challenged actions are pretext for discrimination.

21. Defendant would have made the same decisions without consideration of any prohibited factors under Title VII.

22. Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in his amended complaint. However, if any damages are recovered, Plaintiff is entitled to recover only those damages allowed under Title VII and/or the FLSA.

23. Plaintiff has failed to mitigate his alleged damages.

## **Prayer for Relief**

Having fully answered Plaintiff's first amended complaint, Defendant respectfully requests that, after due proceedings be had, judgment be granted in its favor dismissing Plaintiff's amended complaint with prejudice, with Plaintiff to bear the costs of defending this litigation, and for such other relief to which Defendant is justly entitled.

Dated: September 16, 2021  Respectfully Submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By:   */s/ Emily Stout*
      **Emily Stout**
      State Bar No. 24013581
      estout@cwl.law
      **Mark "T.J." Jones**
      State bar No. 24097900
      tjjones@cwl.law
      1700 Pacific Avenue, Suite 2390
      Dallas, Texas 75201
      (214) 817-4500 (main)
      (214) 602-6551 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served upon counsel for all parties listed below on September 16, 2021. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Marshay Iwu
400 S. Zang Blvd., Suite 1200
Dallas, TX 75208
Tel: (469) 458-3540
Fax: (972) 308-6011
marshayiwu@lawyersdemandingjustice.com

ATTORNEYS FOR PLAINTIFF

            */s/ Emily Stout*
            Emily Stout

ORIGINAL ANSWER                6